IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>The Swarthmore Group, Inc., f/k/a The S Group, Inc.,<br><br>　　　　　　Debtor. | Chapter 7<br><br>Case No. 22-12040 (AMC) |
| Terry P. Dershaw, as Chapter 7 Trustee of The Swarthmore Group, Inc., f/k/a The S Group, Inc.,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Republic First Bank, d/b/a Republic Bank,<br><br>　　　　　　Defendant. | Adversary No. |

**COMPLAINT TO AVOID AND RECOVER TRANSFER**

Plaintiff, Terry P. Dershaw, Esquire, the Chapter 7 trustee (the "Trustee") for the estate of The Swarthmore Group, f/k/a The S Group, Inc., (the "Debtor" or "TSG"), by and through his undersigned counsel, Duane Morris LLP, hereby files this Complaint against the above-captioned Defendant, Republic First Bank, d/b/a Republic Bank ("Defendant"), to avoid and recover preferential transfers in the approximate amount of $412,939.15 made by the Debtor to the Defendant pursuant to 11 U.S.C. §§ 547 and 550. In support thereof, the Trustee avers as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

3. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Through this adversary proceeding, the Trustee seeks entry of a judgment against the Defendant pursuant to: (i) 11 U.S.C. § 547, (ii) 11 U.S.C. § 550; and (iii) 11 U.S.C. § 502(d).

5. The Trustee consents to the jurisdiction of the bankruptcy court and entry of final orders or judgment by the bankruptcy judge.

## THE PARTIES

6. The Trustee, Terry P. Dershaw, is the chapter 7 trustee for the bankruptcy estate of the Debtor. He was appointed on August 4, 2022 and has the authority and standing to commence this adversary proceeding and prosecute all causes of action asserted herein.

7. The Trustee has an affirmative duty to maximize the value of the property of the Debtor's estate and the power to assert claims and causes of action on behalf of the Debtor under § 541 of the Bankruptcy Code.

8. The Defendant was a lending institution doing business in Pennsylvania. The Pennsylvania Department of Banking and Securities closed the Defendant on April 26, 2024, and appointed the FDIC as receiver. The Trustee will file a proof of claim in the receivership but, in an abundance of caution, is filing this action to preserve the estate's claims against the Defendant.

9. Upon information and belief, the Defendant, prior to the bankruptcy case, loaned money to the Debtor.

10. As described below, the Defendant, within days of the bankruptcy case, received certain transfers from the Debtor which the Trustee believes are preferential and, as such, are subject to avoidance and recovery by the Trustee.

## FACTUAL BACKGROUND

### I. General Background

#### A. The Debtor

11. The Debtor was a privately held Delaware Corporation with its principal place of business at 1650 Arch St., Suite 2100, Philadelphia, Pennsylvania.

12. The Debtor was an investment advisor offering wealth management, institutional investing, and institutional consulting services to individuals and institutions.

13. The Debtor was founded in 1991 and ceased all business operations in June of 2022.

#### B. The Bankruptcy Case

14. On August 4, 2022 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), commencing the above-captioned bankruptcy case.

15. On August 22, 2022, the Plaintiff filed an application to retain Bederson, LP ("Bederson") as his accountants in this Bankruptcy Case. [D.I. 16].

16. On September 6, 2022, the Court authorized the Plaintiff to employ Bederson. [D.I. 28].

17. Bederson reviewed the Debtor's bank accounts and the books and records available to the Plaintiff.

18. The Plaintiff conducted due diligence, including a review of the business records and bank statements of the Debtor, and analyzed all the readily available information that has been made available to him.

19. The Complaint is based on reasonable due diligence in the circumstances of the case.

### C. The Debtor's Insolvency

20. During its lifespan as a Registered Investment Advisor, TSG offered portfolio management, financial wealth management, investment consulting services, and other related services, serving clients both in the United States and abroad. Clients included individuals, businesses, and institutional clients.

21. At its peak, TSG had $2 billion assets under management.

22. TSG became insolvent or entered the zone of insolvency at least by 2017.

23. TSG experienced massive losses from 2017-2019 and in 2021 and 2022.

24. In 2017, TSG experienced a net loss of $262,781.70.

25. In 2018, TSG experienced a net loss of $81,725.19.

26. In 2019, TSG experienced a net loss of $117,648.21.

27. In 2020, TSG experienced a net profit of $531,232.30, due primarily to federal Paycheck Protection Program loans that were forgiven.

28. In 2021, TSG experienced a net loss of $1,031,470.25.

29. In the first two quarters of 2022 before it shut down, TSG experienced a net loss of $773,357.62.

30. From 2017 through its closure on June 30, 2022, TSG experienced cumulative net losses of $1,735,750.67.

31. On June 14, 2022, TSG announced to its employees verbally that it would be shutting down, on June 27, 2022, it confirmed that announcement in a memo to employees, and its last day of operation was June 30, 2022.

**D.    The Transfer**

32. As part of his duties, the Trustee and his professionals have conducted due diligence, including a review of the business records and bank statements of the Debtor, and analyzed all the readily available information that has been made available to them.

33. As a result of this investigation, the Trustee discovered that the Debtor issued three payments, as reflected more fully on **Exhibit A** attached hereto, to the Defendant in the two weeks prior to the Petition Date consisting of the following: an ACH payment on July 13, 2022 in the amount of $203,070.48 and another ACH Payment on July 13, 2022 in the amount of $96,929.52, and a third payment by wire on July 28, 2022 in the amount of $112,939.15. The Transfers totaled $412,939.15.

34. Upon information and belief, the Transfers were made directly to the Defendant by the Debtor as repayment of principal on either a Line of Credit and/or Term Loan that the Debtor held with Defendant, and, as a result of these transfers, the Debtor ultimately satisfied any outstanding obligations due and owing the Defendant.

35. The Transfers were on account of an antecedent debt—obligations that the Debtor owed to the Defendant under various loan documents.

36. At the time of the Transfers, the collateral securing the Defendant's debt was worthless as the business had shut down the month before.

37. At the very least, at the time of the Transfers, the collateral securing the Defendant's debt was worth substantially less than the amount the Debtor owed to it and, as such, the Defendant was either an unsecured creditor or undersecured creditor.

38. In light of the fact that the business had shut down prior to the Transfers, coupled with the amount of claims that were due and owing creditors at the time of the Transfers, the Debtor was insolvent at the time the Transfers were made.

## COUNT I
## Avoidance of Preferential Transfer Under 11 U.S.C. § 547

39. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

40. As set forth above, the Transfers were made by or on behalf of the Debtor and came from an account or accounts owned by the Debtor.

41. Thus, the Transfers constituted a transfer of the Debtor's interest in the property.

42. The Transfers occurred within days of the Petition Date and were made when the Debtor's business operations had ceased.

43. The Transfers were made to or for the benefit of the Defendant.

44. The Transfers were made to or for the benefit of the Defendant within the meaning of section 547(b)(1) of the Bankruptcy Code, because they reduced or satisfied an obligation or debt that the Debtor owed to Defendant.

45. The Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant.

46. The Transfers were made while the Debtor was insolvent.

47. At the time of the Transfers, the collateral securing the Defendant's debt was worth substantially less than the amount the Debtor owed to it.  As such, the Transfers enabled the Defendant to receive more than it would receive if the Debtor's estate was liquidated under Chapter 7 of Title 11 of the United States Code.

48. In light of the foregoing, the Trustee believes it may avoid the Transfers.

## COUNT II
### Recovery of Transfers Under 11 U.S.C. § 550

49. The Trustee repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

50. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547.

51. As set forth on Exhibit A, the Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee, and is liable for the return of the Transfers (or the amount thereof).

52. Pursuant to Bankruptcy Code § 550(a), the Trustee is entitled to recover from Defendant the Transfers or the amount thereof plus interest thereon to the date of payment as well as costs of this action.

## COUNT III
### (Disallowance of all Claims - 11 U.S.C. §§ 502(d) and 502(j))

53. The Plaintiff repeats and re-alleges each of the allegations set forth above as though fully set forth at length herein.

54. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

55. The Defendant is a transferee of the above described Transfers which are avoidable under 11 U.S.C. § 547.

56. The Defendant has not paid the amount of the Transfers or turned over such property, for which the Defendant is liable under 11 U.S.C. § 550.

57. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant, and/or its assignees, against the Debtor's Estate or the Plaintiff must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the avoidable and/or recoverable Transfers, plus interest thereon and costs.

58. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant and/or its assignee that have been allowed against the Debtor's Chapter 7 estate must be reconsidered and disallowed, until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of all of the avoidable Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee requests entry of judgment in his favor and against the Defendant as follows:

(a) On Count I, judgment in favor of the Trustee and against the Defendant and an Order avoiding the Transfers or the value thereof pursuant to Bankruptcy Code § 547(b);

(b) On Count II, judgment in favor of the Trustee and against the Defendant and an Order directing the Defendant to return to the Trustee the amount of the Transfers or the value thereof pursuant to Bankruptcy Code § 550(a);

(c) On Count III, judgment against the Defendant disallowing all of its claims (or reconsidering and disallowing its claims) unless and until Defendant returns to the Trustee the amount of Transfers or the value thereof plus interest thereon and costs;

(d) Awarding all costs incurred in connection with the commencement and prosecution of these claims;

(e) Awarding prepetition and postpetition interest on the amounts owed by the Defendant to the full extent allowable under applicable law; and

      (f)      Granting such other and further relief as the Court deems just and proper.

Dated: August 2, 2024

Respectfully submitted,

DUANE MORRIS LLP

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq.
Drew S. McGehrin
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1514
Facsimile: (215) 979-1020
E-mail: LJKotler@duanemorris.com
DSMcGehrin@duanemorris.com

*Attorneys for Terry P. Dershaw, Esq.*
*Chapter 7 Trustee for the Debtor's Estate*

DM/10695057